**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

MICHAEL JOHN SOPCZAK (#295605)        CIVIL ACTION

VERSUS

NO. 12-95-SDD-SCR

LYNN COOPER, ET AL.

## RULING

Pending before the Court is a *Petition for Writ of Habeas Corpus*[1] under 28 U.S.C. § 2254 filed by Petitioner Michael John Sopczak (Sopczak). On March 20, 2014, the Magistrate Judge issued a *Report and Recommendation*[2] in which he recommended that the Court deny Sopczak's *Petition* and dismiss this case with prejudice. On April 9, 2014, Sopczak filed his *Objections*[3] to the Magistrate's *Report and Recommendations*. The State filed no response to Sopczak's objections.

For the following reasons, the Court ADOPTS IN PART and DECLINES TO ADOPT IN PART the *Report and Recommendation* of the Magistrate Judge.

## I. BRIEF FACTUAL BACKGROUND

For the sake of brevity, the Court will not re-state the factual and procedural background of the case as referenced by the Magistrate Judge in his *Report and Recommendation* and incorporates those portions herein.

---

[1] Rec. Doc. 1. An *Amended Petition for Writ of Habeas Corpus* was filed on March 7, 2012. Rec. Doc. 2. The *Petition* was amended again on May 22, 2012. Rec. Doc. 15.
[2] Rec. Doc. 51.
[3] Rec. Doc. 54. On May 19, 2014, Sopczak filed his A*mended Objections to the Report and Recommendations.* Rec. Doc. 58.

Sopczak has raised four claims for relief: (1) his Sixth Amendment right to counsel was violated when his waiver of his right to counsel was not knowing or voluntary, his motion to enroll counsel was denied, and he was denied effective assistance of counsel at trial, sentencing, and throughout critical stages of the proceedings; (2) he received inadequate notice of the trial date thereby violating his due process rights; (3) he was forced to proceed to trial without the assistance of counsel even though he was physically and mentally unable to represent himself, in violation of his Fourteenth Amendment rights; and (4) the prosecutor engaged in misconduct when she introduced false testimony and withheld evidence in violation of petitioner's due process rights.

The Court adopts the findings of the Magistrate Judge on all of Sopczak's claims, except for one. The Court declines to adopt the Magistrate Judge's finding that Sopczak knowingly and voluntarily waived his right to counsel.

## II.     ANALYSIS - Sixth Amendment Violations:  Waiver of Trial Counsel Claim

A federal court cannot grant habeas relief "to a prisoner serving a state sentence with respect to any claim adjudicated on the merits in a state court unless the state court ruling 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'"[4]

As established in *Faretta v. California*, a defendant has a Sixth Amendment right to self-representation.[5]  However, the "defendant must knowingly and intelligently forego

---

[4] *Gross v. Cooper*, 312 Fed.Appx. 671, at 674 (5th Cir. 2009)(quoting 28 U.S.C. § 2254(d)(1)).
[5] *Faretta v. California*, 422 U.S. 806 (1975).

his right to counsel, and must clearly and unequivocably request to proceed *pro se.*"[6]

Moreover, the Fifth Circuit has explained that it is the trial judge's responsibility to ensure that a criminal defendant's decision to proceed *pro se* is made voluntarily, knowingly, and intelligently.[7] Before granting such a request, a criminal defendant "should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'"[8] "Thus, a defendant must not only voluntarily give up the right to representation but must do so *after* understanding the dangers and disadvantages of self-representation."[9]

The Supreme Court "[has] not … prescribed any formula or script to be read to a defendant who states that he elects to proceed without counsel,"[10] and the Fifth Circuit has emphasized that there is "no sacrosanct litany for warning defendants against waiving the right to counsel."[11] Rather, "[t]he information a defendant must possess in order to make an intelligent election … will depend on a range of case-specific factors, including the defendant's education or sophistication, the complex or easily grasped nature of the charge, and the stage of the proceeding."[12] Therefore, a district court must consider the totality of circumstances presented in each individual case. Relying on *Faretta's* progeny, the Fifth Circuit has identified the following factors that a district

---

[6] *U.S. v. Long*, 597 F.3d 720, at 724 (citing *U.S. v. Cano*, 519 F.3d 512, 516 (5th Cir. 2008)).

[7] *Landry v. Cain*, 445 Fed.Appx. 817, 822 (5th Cir. 2011)("The decision to proceed *pro se* must be made voluntarily, knowingly, and intelligently, and it is the trial judge's responsibility to ensure that this is the case.").

[8] *Faretta*, 422 U.S. at 835 (quoting *Adams v. U.S. ex rel McCann*, 317 U.S. 269, at 279(1942)).

[9] *Gross v. Cooper*, 312 Fed.Appx. 671, at 674 (5th Cir. 2009)(emphasis original).

[10] *Mallard v. Cain*, 515 F.3d 379, at 382 (5th Cir. 2006)(quoting *Iowa v. Tovar*, 541 U.S. 77, at 88 (2004)).

[11] *U.S. v. Virgil*, 444 F.3d 447, at 453 (5th Cir. 2006)(quoting *U.S. v. Jones*, 421 F.3d 359, 363 (5th Cir. 2005)(citing *U.S. v. Davis*, 269 F.3d 514, at 519 (5th Cir. 2001)).

[12] *Iowa v. Tovar*, 541 U.S. 77, at 88 (2004).

court must consider to determine if a criminal defendant has effectively waived the right to counsel:

> the defendant's age and education, and other background, experience, and conduct. The court must ensure that the waiver is not the result of coercion or mistreatment of the defendant, and must be satisfied that the accused understands the nature of the charges, the consequences of the proceedings, and the practical meaning of the right he is waiving.[13]

Additionally, the court must consider "the stage of the proceedings and the setting in which the waiver is advanced."[14]

Sopczak bears the burden of proving that his waiver of counsel was ineffective.[15] He argues that he did not knowingly and intelligently waive his right to trial counsel and the court erred in failing to conduct a *Faretta* hearing. Specifically, Sopczak argues that the court failed to inquire about his background, such as his age and education in order to evaluate his fitness for the task, and the court failed to "say anything about the practical effects of waiving the right to counsel or anything about the consequences of proceeding without counsel."[16] He further argues that the court did not warn him of any dangers or disadvantages of self-representation.

The record shows that Sopczak was represented by retained counsel from the time of his arraignment on October 14, 2004 until July 27, 2005. Minute entries reflect that, on December 8, 2004, the Petitioner was represented by counsel at a pretrial conference. Thereafter, on two separate occasions, the Petitioner appeared in court

---

[13] *U.S. v. Martin*, 790 F.2d 1215, at 1218 (5th Cir. 1986)(quoting *McQueen v. Blackburn*, 755 F.2d 1174, at 1177 (5th Cir. 1985)(internal citations omitted)).
[14] *McQueen v. Blackburn*, 755 F.2d 1174, 1177 (5th Cir. 1985).
[15] *Landry v. Cain*, 445 Fed.Appx. 817, at 823 (5th Cir. 2011)("When raised in a collateral attack, the burden rests on the criminal defendant to prove that his waiver of counsel was ineffective.").
[16] Rec. Doc. 1, p. 17.

represented by retained counsel.[17]   At each of these court appearances, the trial was continued.  On June 20, 2005, the Petitioner, represented by counsel, appeared before the trial judge who continued the trial until October 11, 2005, and set a pretrial conference for August 11, 2005.

On July 22, 2005, Petitioner's counsel filed a *Motion to Withdraw as Counsel of Record* due to alleged interference with counsel's representation by Petitioner's mother.[18]  Without conducting a hearing on the motion, the trial court granted counsel's motion to withdraw on July 27, 2005.

On August 11, 2005, Sopczak appeared unrepresented at the previously scheduled pretrial conference.  At the conference, the trial judge acknowledged that she signed and granted counsel's motion to withdraw "somewhat prematurely" considering trial was set for October 11, 2005.[19]  When the prosecutor asked whether the trial would be continued to allow Sopczak to obtain new counsel, the record reflects the following colloquy took place between the trial judge and Petitioner:

> THE COURT:      HAVE YOU HIRED ANOTHER ATTORNEY?
>
> MS. [sic] SOPCZAK :      NO, MA'AM.
>
> THE COURT:      DO YOU PLAN ON HIRING ANOTHER ATTORNEY?
>
> MR. SOPCZAK:      I'M GOING TO WAIVE COUNSEL AT THIS POINT.

---

[17] Vol. 1 of 4, pp. 4-5. January 31, 2005 ("This matter appeared on the trial docket this date.  The defendant was personally present in open court accompanied by counsel, Wayne Stewart.  The State of Louisiana was represented by LeaAnn Malnar, Assistant District Attorney.  On motion of the defense, the court ordered this matter continued to 3-28-05."); and March 28, 2005 ("This matter appearing on the Felony Trial Docket this date.  The defendant being personally present in Open Court accompanied by counsel, Jasper Brock.  The State of Louisiana being represented by Assistant District Attorney, Le'Anne Malnar.  The court ordered this matter be continued for Trial until June 20, 2005.").

[18] Vol. 1 of 4, p. 84.

[19] Vol. 1 of 4, p. 467.  The assistant district attorney explained that "Mr. Wayne Stewart filed a motion to remove himself as counsel for Mr. Michael Sopczak."  The trial judge stated, "[a]nd I signed that motion somewhat prematurely because trial was next, the October 11th."  The October 11, 2005 trial date was continued several times; the trial was ultimately held from June 20 through June 21 of 2006.

THE COURT:    I CAN APPOINT COUNSEL FOR YOU IF YOU AREN'T ABLE TO AFFORD ONE. I'LL BE GLAD TO APPOINT THE PUBLIC DEFENDER FOR YOU. YOU HAVE THE RIGHT TO COUNSEL.

MR. SOPCZAK:    IF POSSIBLE, IF WE HAVE TO GO TO TRIAL, A STANDBY COUNSEL.

THE COURT:    AND WHAT I'M GOING TO DO IS APPOINT THE PUBLIC DEFENDER AS STANDBY COUNSEL FOR YOU, AND SO WE'LL KEEP THE TRIAL DATE OF OCTOBER 11th. YOU HAVE YOUR NOTICE FOR THAT ALREADY, MR. SOPCZAK.[20]

This is the extent of the trial court's dialogue with Sopczak regarding his knowing and voluntary waiver of counsel. According to the record, Petitioner's counsel's withdrawal was not at the request of his client. Upon granting defense counsel's withdrawal, the trial judge made no additional inquiry into Sopczak's decision to proceed *pro se*, or warn him of the disadvantages of proceeding *pro se*. Subsequently, Sopczak moved for leave to file pretrial motions explaining that the case and his defense had been hindered when his counsel withdrew three days before his last court appearance, and that because "he will be proceeding on his own behalf … pre-trial motions are now imperative in order to prepare and conduct his defense as necessary, and, as due process of law requires."[21] The trial court granted Sopczak leave to file pretrial motions.[22]

Sopczak appeared *pro se* again on October 6, 2005,[23] at which time the trial judge repeatedly told Sopczak that he did not understand the rules of criminal

---

[20] Vol. 2 of 4, pp. 468-69.
[21] Vol. 1 of 4, pp. 98-99.
[22] Vol. 1 of 4, p. 100.
[23] Pretrial hearing regarding pretrial discovery motions.

procedure because he was not an attorney.[24]  Even though the trial judge observed and

commented on Sopczak's apparent lack of knowledge, the trial judge failed to conduct

any inquiry to determine whether the Petitioner's waiver of counsel was knowing and

voluntary. Rather, the predominate colloquy involved the limited scope of stand by

counsel's (Mr. Nicholas Muscarello) duties.

| | |
|---|---|
| MR. MUSCARELLO: | MY OFFICE HAS BEEN APPOINTED TO REPRESENT MR. SOPCZAK. |
| MS. MALNAR[25]: | THEY HAVE BEEN APPOINTED TO MERELY ASSIST MR. SOPCZAK.  HE IS REPRESENTING HIMSELF IN THIS MATTER. |
| MR. MUSCARELLO: | WELL, I DON'T KNOW. |
| THE COURT: | YOU'RE STANDBY COUNSEL,  BASICALLY, WHILE HE REPRESENTS HIMSELF PROCES (sic). |
| MS. MALNAR: | THAT'S WHAT HE WANTED TO DO.[26] |

****

| | |
|---|---|
| MR. MUSCARELLO: | THE ISSUE I HAVE TO ADDRESS IS THE FACT THAT MR. SOPCZAK REPRESENTS HIMSELF. |
| THE COURT: | YES. |
| MR. MUSCARELLO: | AND IN DISCUSSIONS WITH MY OFFICE, WE'RE EITHER IN THE CASE OR WE'RE OUT OF THE CASE.  I THINK WE'RE OPENING OURSELVES UP TO LIABILITY IF I SIT IN ON THE CASE. |
| | I HAVE NO KNOWLEDGE OF THE CASE.  I CANNOT ADVISE HIM IN ANY WAY, SHAPE OR FORM, AND THEREFORE I DON'T SEE OUR POSITION OF BEING HERE. |
| THE COURT: | YOUR POSITION IS STANDBY COUNSEL.  IF HE'S GOT SOME QUESTIONS, SOME LEGAL |

---

[24] Vol. 1 of 4, pp. 180 and 184.
[25] Ms. Leann Malnar served as the Assistant District Attorney on the case.
[26] Vol. 1 of 4, pp. 175-76.

|                 |                                                                                                                                                                                                                                                                                                                                                                                          |
| --------------- | ---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- |
|                 | QUESTIONS, NOT NECESSARILY SPECIFICALLY ABOUT THE CASE, BUT MAYBE ABOUT PROCEDURE.                                                                                                                                                                                                                                                                                                         |
|                 | IT'S NOT NECESSARY THAT YOU'R TRYING THE CASE. YOU'RE NOT ASKING THE QUESTIONS, YOU'RE NOT PICKING A JURY, BUT YOU ARE STANDBY COUNSELING. YOU WOULD BE ABLE TO ADVISE HIM IF HE HAS SOME LEGAL QUESTIONS, AND THAT'S YOUR ROLE. NOT TAKING THE CASE. NOT NECESSARILY REPRESENTING HIM. STANDBY.                                                                                            |
| MR. MUSCARELLO: | OKAY. WELL, MY OFFICE — WE HAVEN'T RECEIVED ANY — I MEAN, I JUST DON'T SEE HOW I CAN ADVISE HIM IN ANY WAY, SHAPE, OR FORM, WITHOUT OPENING UP MYSELF TO LIABILITY. AND OUR OFFICE DOESN'T DO THAT. WE DON'T SIT – TO MY KNOWLEDGE WE'VE NEVER SAT IT AS STANDBY COUNSEL.[27]                                                                                                                  |

****

|                 |                                                                                                                                                                                                    |
| --------------- | -------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- |
| THE COURT:      | RIGHT. HE REQUESTED TO REPRESENT HIMSELF, HOWEVER IT'S IN THE DISCRETION OF THE JUDGE TO APPOINT STANDBY COUNSEL, WHETHER IT'S A PUBLIC DEFENDER OR A LAWYER THAT HAPPENS TO BE IN COURT AT THE TIME. |
| MR. MUSCARELLO: | WELL, I WOULD LIKE, JUST FOR THE RECORD, TO STATE THAT I HAVE NO KNOWLEDGE OF THE CASE. I WILL NOT BE ADVISING HIM IN ANY WAY, SHAPE, OR FORM AS TO ANY EVIDENCE. I WILL ADVISE HIM PROCEDURALLY FOR THAT MATTER, AND THAT'S IT.[28] |

****

|                 |                                                                                                         |
| --------------- | ------------------------------------------------------------------------------------------------------- |
| THE COURT:      | HE'S REPRESENTING HIMSELF. YOU'RE STANDBY COUNSEL FOR ANY QUESTIONS OF PROCEDURE ONLY.                   |
| MR. MUSCARELLO: | OKAY.                                                                                                   |

---

[27] Vol. 1 of 4, pp. 204-05.
[28] Vol. 1 of 4, p. 206.

THE COURT:          ALL RIGHT.  UNTIL HE REQUESTS YOU OR SOMEONE ELSE.[29]

The Friday before trial, attorney Dean Lucius contacted the trial court and explained that he had been retained as counsel for Petitioner and would like to enroll. When the court explained that would be fine, and he would need to be available for trial the following week, Lucius stated he would be out of town and needed a continuance, which the court denied.[30]  At the final pretrial conference on June 19, 2006, the trial judge told Sopczak that he had "represented [himself] since August of [2005] and [she hadn't] signed any enrollment of any new attorney.  So we're going to trial tomorrow unless you want to plead guilty to what the State has offered."[31]  Sopczak explained that, due to his medical condition, he could not contend on his own, and did not want to plead guilty or go to trial without his newly retained counsel.[32]  Nevertheless, the trial proceeded on June 20, 2006 and Public Defender Muscarello was present as stand-by counsel for Petitioner.

The Court looks to the Fifth Circuit decision, *Landry v. Cain*, for guidance.[33]  In *Landry*, the Fifth Circuit found waiver had been effective, even where the trial court did not inquire into the petitioner's background, education, experience, literacy, competency, understanding, and volition on the record.[34]  The Fifth Circuit explained that "[t]he record indicates that the trial judge properly made Landry aware of the dangers and disadvantages of self-representation, and the colloquy between the trial

---

[29] Vol. 1 of 4, pp. 206-07.
[30] Vol. 3 of 4, p. 513.
[31] Vol. 3 of 4, p. 514.
[32] Vol. 3 of 4, pp. 514-15.
[33] *Landry v. Cain*, 445 Fed.Appx. 817 (5th Cir. 2011).
[34] *Id.*

judge and Landry sufficiently indicated that Landry's waiver was knowing and intelligent in light of the factors this court has indicated a trial court must consider."[35]  The Fifth Circuit found that Landry's case was not one where "the trial court failed to conduct any inquiry into the waiver of counsel was made knowingly and intelligently."[36]  Rather, the trial judge asked the petitioner on multiple occasions if he wanted to represent himself, to which petitioner repeatedly indicated that he did.[37]  The trial judge further advised Landry that courtroom procedures and the law is better dealt with by attorneys, and highly suggested that petitioner use standby counsel.  Landry also expressed an understanding of the nature of the charges when he stated he wanted to proceed *pro se* because his "life [was] on the line."[38]

While it is true that there is no specific script or dialogue required to determine if a defendant is knowingly and intelligently waiving his right to representation, the Court finds that the record must still establish that the trial court conducted inquiry aimed at determining that the defendant knows what he is doing and his choice is made with his eyes wide open. The record in this case falls short.

After Petitioner's counsel was permitted to withdraw, but before trial, the Petitioner appeared before the Court on three occasions.[39]  Hence, the Court had three opportunities to advise the Defendant of the pitfalls of self-representation and ascertain

---

[35] *Id.* at 824.
[36] *Id.*
[37] *Id.*
[38] *Id.*
[39] August 11, 2005, Pretrial Conference, Vol. 1 of 4, p. 7 and Vol. 2 of 4, pp. 465-471; October 6, 2005, hearing on pretrial discovery motions, Vol. 1 of 4, p. 8, and pp. 173-211;  October 11, 2005, Trial Date, Vol. 1 of 4, p. 9 ("This matter appearing on the Criminal docket this date for the purpose of trial. Defendant was personal present in open court in proper person.  State of Louisiana being represented by LeAnne Malnar, Assistant District Attorney.  On State's motion, this matter was continued to March 13, 2006.").  A minute entry also reflects that on March 13, 2006, the Defendant was present in open court and in proper person when the court set the matter for trial the following day.  Vol. 1 of 4, p. 10.

that the Defendant desired to proceed *pro se* despite the consequences. The trial court

failed to conduct any inquiry, whatsoever, into the Petitioner's waiver of counsel. The

Court made no inquiry into Sopczak's age, education, background, or his experience

with the law (e.g., criminal defendant in past). The Court did not advise Sopczak of the

benefits of using counsel or of the dangers and disadvantages of self-representation.

Nor did the Court assess whether Sopczak had an understanding of the nature and

potential consequences of the charges.

There were a number of delays and continuances in this case, and the Court is

mindful that last minute change of counsel is sometimes used as a litigation tactic to

provoke delays in prosecution. However, in this case, the Court had at least three

opportunities to make a record that the Petitioner's waiver of his Constitutional right to

counsel was knowing and voluntary. Even though the Petitioner's last minute request to

"lawyer up" may reasonably be viewed with a jaundiced eye as a delay tactic, it does

not change the unfortunate fact that there is no record that the Petitioner's earlier

decision to proceed *pro se* was knowing and voluntary. On the record herein, the Court

is unable to conclude that Sopczak's waiver of counsel was knowing, intelligent, or

voluntary. Considering the totality of the circumstances, the Court finds that Sopczak's

waiver of counsel was ineffective and therefore unconstitutional.

Furthermore, the "assistance of standby counsel, no matter how useful to the

court or the defendant, cannot qualify as the assistance of counsel required by the Sixth

Amendment."[40] In this case, the trial judge repeatedly delineated Muscarello's role as

---

[40] *U.S. v. Taylor*, 933 F.2d 307, at 312 (5th Cir. 1991)("The Supreme Court has held that while the appointment of standby counsel can be a very useful step in a case in which a defendant wishes to represent himself, the proper role of standby counsel is quite limited … Standby 'counsel' is thus quite different than regular counsel. Standby counsel does not represent the defendant. The defendant

being limited to assisting the Petitioner on procedural issues only. The record reflects that Muscarello had no knowledge of the substance of Petitioner's case. Although Muscarello assisted Sopczak at various stages throughout the trial, a *Faretta* inquiry was still required.[41]

Accordingly, Sopczak's *Petition* is GRANTED as to his claim that his Sixth Amendment right to counsel was violated because there is no evidence from which to conclude that his waiver was knowing and voluntary. Accordingly the Petitioner's conviction must be SET ASIDE.

## III.    CONCLUSION

Accordingly, the application by Petitioner, Michael J. Sopczak, for habeas relief is GRANTED as to Claim 1, ineffective and therefore unconstitutional wavier of counsel, but DENIED as to the remaining arguments in Claim 1, and DENIED as to claims 2, 3, and 4. It is hereby ordered that the State of Louisiana give the Petitioner a new trial within 180 days after the decision of this Court remanding the case to the state court becomes final, or release Petitioner from custody.

Signed in Baton Rouge, Louisiana, on <u>June 16, 2014</u>.


_____
**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

represents himself, and may or may not seek or heed the advice of the attorney standing by. As such, the role of standby counsel is more akin to that of an observer…." *Id.* at 312-13)
[41] See, *U.S. v. Balogun*, 2000 WL 1056101 (C.A. 5 Cir. (Tex.))(unpublished opinion).